## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated, <br><br>       Plaintiff <br><br> vs. <br><br> RESPONSE NOW MEDICAL ALERT SYSTEMS, PNHC, LLC, and SALES STREAK, LLC, <br><br>       Defendants. | Case No. |

## <u>CLASS ACTION COMPLAINT</u>

### <u>Background</u>

1.      Stewart Abramson ("Plaintiff") brings this class action against PNHC, LLC and Sales Streak, LLC, who the Plaintiff alleges made pre-recorded telemarketing calls as the agent of Response Now, LLC ("Response Now") (collectively referred to as "Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

2.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3.      Plaintiff brings this action under the TCPA alleging that Defendants advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

4.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

5.      A class action is the best means of obtaining redress for the Defendants' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

6.      Plaintiff Stewart Abramson is a resident in this District.

7.      Defendants PNHC, LLC and Sales Streak, LLC are limited liability companies.

8.      Defendant Response Now Medical Alert Systems is a corporation.

### Jurisdiction & Venue

9.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.      This Court has specific personal jurisdiction over Defendants because it sent calls into this District.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

### Factual Allegations

12.     Plaintiff's residential telephone numbers are (412) XXX-2147 and (412) XXX-8352.

13.     Plaintiff's residential telephone numbers are non-commercial telephone numbers not associated with any business.

14.     Plaintiff's residential telephone numbers are used for personal purposes.

15.     Plaintiff has never asked or requested to be a customer of Defendants.

16.     Despite that, Plaintiff received several calls from Defendant PNHC and Sales Streak for Response Now.

17.     The calls were made to Plaintiff between February 10, 2026 and March 5, 2026.

18.     The caller delivered messages to Plaintiff that were clearly artificial or prerecorded.

19.     For instance, the calls all played, in part, the identical message:

Whatever the age might be, knowing that help is just one click away does give you assurance.  The new med-alert device is equipped with continuous health tracking, automatic fall detection, GPS location tracking, and instant emergency alert to the authorities, whether it's a medical issue or a criminal situation.  I'm connecting you with our specialist that can help you explore more about this.

20.     One of the calls resulted in Plaintiff being sent a contract and a device from Response Now, and in Plaintiff receiving a posted charge on his credit card from Response Now.

21. One of the calls resulted in Plaintiff receiving a pending charge on his credit card from Response Now.

22. In response to Plaintiff's investigation demand, Defendant Response Now, LLC admitted that it "does not make outbound telemarketing calls" and instead sells its products "through a network of affiliates," specifically identifying Defendant PNHC, LLC as one such affiliate responsible for marketing its services.

23. Response Now further directed Plaintiff to contact PNHC, LLC regarding the telemarketing calls at issue, thereby confirming that PNHC, LLC was responsible for placing those calls on Response Now's behalf.

24. In response to Plaintiff's investigation demand, Plaintiff was contacted by Muhammad Abbas Hussain, who identified himself as associated with Defendant Sales Streak, LLC, and admitted that Sales Streak, LLC was responsible for at least two of the telemarketing calls received by Plaintiff.

25. Plaintiff was further informed that Sales Streak, LLC worked in coordination with PNHC, LLC and Umar Jalil Malik in connection with the telemarketing calls, demonstrating that multiple entities acted together as part of a common calling campaign.

26. Each of these calls—regardless of which entity placed them—used the same or substantially similar prerecorded message and followed the same process of transferring Plaintiff into a sales channel for Response Now, demonstrating that the calls were part of a unified and coordinated telemarketing campaign.

27. The contacts to Plaintiff were unwanted.

28. The contacts were nonconsensual encounters.

29. Plaintiff's privacy was violated by the above-described telemarketing contact.

30.     Plaintiff never provided his consent or requested the contact.

31.     Plaintiff and the other call recipients were harmed by this contact.

32.     Moreover, this contact injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**Response Now's Liability for PNHC and Sales Streak Conduct**

33.     Defendant Response Now is vicariously liable for the conduct of Defendant PNHC and Sales Streak, because PNHC and Sales Streak acted as Response Now's agent and on its behalf in initiating the telemarketing calls described herein.

34.     In response to Plaintiff's pre-suit correspondence, Response Now admitted that it markets and sells its products through a network of third-party affiliates and identified PNHC, LLC as one such affiliate responsible for marketing its services.

35.     Response Now entered into a written Call Center Services Agreement with PNHC, pursuant to which those companies agreed to provide "outbound call center services to market and sell ResponseNow Medical Alert Systems to consumers."

36.     Under that agreement, PNHC was specifically engaged to conduct telemarketing activities promoting Response Now's products, including the placement of outbound calls to consumers for the purpose of generating sales.

37.     The agreement further provides that Response Now pays PNHC for each "qualifying sale" generated through those telemarketing efforts, thereby creating a direct financial incentive for the co-defendants to place such calls.

38.     The agreement requires that each sale generated by PNHC be entered into Response Now's order processing system, demonstrating that consumer information obtained during telemarketing calls is transmitted directly to Response Now for fulfillment and billing.

39.     The agreement also contemplates that telemarketing and sales operations would be carried out, at least in part, by Prime BPO, operated by Umar Jalil Malik, further demonstrating that Response Now authorized the use of downstream agents to conduct telemarketing on its behalf.

40.     Through this contractual arrangement, Response Now exercised control over the objectives and structure of the telemarketing campaign, including the promotion of its products, the generation of leads, and the processing of resulting sales.

41.     PNHC, LLC and Sales Streak, LLC acted on behalf of Response Now by initiating and facilitating telemarketing calls that promoted Response Now's medical alert systems, generated consumer leads, and connected call recipients with Response Now or its representatives.

42.     The telemarketing calls were designed to generate sales opportunities exclusively for Response Now, and the calls directed consumers toward Response Now's products and services.

43.     Response Now authorized and ratified PNHC and Sales Streak's telemarketing conduct by accepting and using the leads generated from those calls, including the lead generated from Plaintiff.

44.     In fact, Plaintiff was transferred to Response Now's sales system and charged by Response Now after interacting with the telemarketing calls, confirming that Response Now received and acted upon the lead generated by its agents.

6

45.    Response Now directly benefitted from the telemarketing calls by completing sales, processing payments, and delivering products to consumers obtained through those calls.

## Class Action Statement

46.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

47.    Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

48.    Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**Robocall PNHC and Sales Streak Class:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendants PNHC and Sales Streak, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, services (4) within the four years prior to the filing of the Complaint.

**Robocall PNHC and Sales Streak Response Now Sub-Class:** Plaintiff and all persons within the United States: (1) to whose residential telephone numbers (2) Defendant, or a third party on their behalf, placed a call using artificial or pre-record messages (3) that advertised, or were intended to advertise, services (4) for the benefit of Response Now (5) within the four years prior to the filing of the Complaint.

49.    Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

50.    Excluded from the Class are counsel, Defendant, and any entities in which Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

51. Plaintiff and all members of the Class have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

52. This Class Action Complaint seeks injunctive relief and money damages.

53. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

54. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

55. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

56. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

57. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

58. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendants made calls using artificial or prerecorded voices to Plaintiff;

b. Whether Defendants' conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

59.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

60.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

61.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

62.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

63.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

64.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

65.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

66.    The Defendants' violations were negligent, willful, or knowing.

67.    As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

68.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.    Injunctive relief prohibiting Defendants from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.    That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.      Such other relief as the Court deems just and proper.


## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.



        Plaintiff,
        By Counsel,



        By: */s/ Jeremy C. Jackson*
        Jeremy C. Jackson (PA Bar No. 321557)
        BOWER LAW ASSOCIATES, PLLC
        403 S. Allen St., Suite 210
        State College, PA 16801
        Tel.: 814-234-2626
        jjackson@bower-law.com

        Anthony I. Paronich, *Subject to Pro Hac Vice*
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com

        *Attorney for Plaintiff and the Proposed Class*