MARK T. SOPHOCLES, ESQUIRE
PA SUPREME COURT I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

ATTORNEY FOR DEFENDANTS
*SALES STREAK, LLC*
*PNHC, LLC*
*RESPONSE NOW MEDICAL ALERT*
*SYSTEMS*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART ABRAMSON, individually and on behalf of all others similarly situated, *PLAINTIFF,* | : | |
| | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:26-CV-00582 |
| | : | |
| SALES STREAK, LLC, PNHC, LLC RESPONSE NOW MEDICAL ALERT SYSTEMS *DEFENDANTS.* | : | |

## DEFENDANTS SALES STREAK, LLC , PNHC, LLC, RESPONSE NOW MEDICAL ALERT SYSTEMS BRIEF IN SUPPORT OF DEFENDANTS MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff attempts to convert several allegedly unwanted telephone calls into a nationwide TCPA class action against Defendants' three separate business entities. The Complaint, however, relies primarily upon conclusory allegations, collective pleading, and speculative assertions concerning agency and vicarious liability.

Although Plaintiff repeatedly alleges that "Defendants" engaged in unlawful conduct, the Complaint fails to identify with specificity which Defendant initiated which call, which Defendant allegedly used prerecorded technology, or which Defendant engaged in conduct giving rise to liability. Instead, Plaintiff repeatedly lumps all Defendants together and asks the Court to infer liability based on alleged business relationships.

5

The Federal Rules require more. Under Twombly and Iqbal, a plaintiff must plead facts that plausibly establish liability. Plaintiff has failed to do so. The Complaint should therefore be dismissed, Plaintiff's request for injunctive relief should be dismissed for lack of standing, and the class allegations should be stricken.

## II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

**Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007).

A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. Id. at 555. Likewise, courts are not required to accept legal conclusions masquerading as factual allegations. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Where a complaint pleads with facts that are merely consistent with liability, it stops short of plausibility and must be dismissed.

## III.   ARGUMENT

## A.   THE COMPLAINT IMPROPERLY ENGAGES IN GROUP PLEADING.

A threshold defect permeates the entire Complaint.

Rather than identifying the conduct attributable to each defendant, Plaintiff repeatedly alleges that "Defendants" engaged in unlawful conduct. The Complaint does not specify:

• which defendant allegedly initiated which call;

• which defendant allegedly delivered the prerecorded message;

• which defendant allegedly transferred Plaintiff;

• which defendant allegedly possessed Plaintiff's telephone number;

• which defendant allegedly committed each alleged TCPA violation.

6

The Third Circuit has repeatedly recognized that Rule 8 requires sufficient factual allegations to place each defendant on notice of the claims asserted against it.

The Complaint's collective references to "Defendants" deprive each defendant of fair notice and fail to satisfy federal pleading standards. Dismissal is therefore warranted.

**B.     THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A TCPA VIOLATION.**

To state a claim under 47 U.S.C. § 227(b), Plaintiff must plausibly allege that a defendant initiated a call using an artificial or prerecorded voice without legally sufficient consent. The Complaint fails to adequately plead either element.

**1.  Plaintiff Pleads No Facts Establishing Use of a Prerecorded or Artificial Voice.**

The Complaint alleges that the calls were "clearly artificial or prerecorded."

That allegation is entirely conclusory.

Plaintiff provides no factual basis supporting that conclusion and does not allege:

• the characteristics of the voice;

• the technology utilized;

• whether the message was artificial, prerecorded, or both;

• any facts distinguishing the message from a live caller reading a script.

The Complaint merely reproduces a portion of an alleged message and then asserts that it must have been prerecorded.

Such allegations amount to nothing more than a recitation of a statutory element and fail under Twombly and Iqbal.

**2.  Plaintiff Fails to Allege Facts Showing Which Defendant Made Any Particular Call.**

Even assuming a prerecorded message was used, the Complaint fails to allege which defendant actually, initiated any call.

Plaintiff alleges only that various defendants participated in a coordinated campaign.

Such allegations require the Court to speculate regarding who engaged in the conduct at issue.

Rule 8 does not permit liability by inference or association.

Because Plaintiff has failed to plausibly connect any particular call to any particular defendant, dismissal is appropriate.

**C.    THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE VICARIOUS LIABILITY AGAINST RESPONSE NOW.**

Plaintiff seeks to hold Response Now liable for conduct allegedly undertaken by others.

TCPA liability may, in certain circumstances, be imposed under common-law agency principles.

However, conclusory allegations of agency are insufficient.

A plaintiff must plead facts establishing actual authority, apparent authority, or ratification.

The Complaint fails to do so.

Although Plaintiff references an alleged Call Center Services Agreement and alleges that Response Now marketed products through affiliates, those allegations do not establish unlawful conduct by Response Now. No agreement is specifically attached or quoted.

The Complaint does not plausibly allege:

• that Response Now controlled the manner and means of any telemarketing activity;

• that Response Now directed the content of any alleged prerecorded message;

• that Response Now controlled call recipients;

• that Response Now authorized unlawful conduct;

• that Response Now possessed knowledge of any alleged TCPA violations;

• that Response Now ratified unlawful conduct with knowledge of material facts.

At most, the Complaint alleges an ordinary commercial relationship.

Federal courts routinely reject attempts to impose vicarious TCPA liability based solely upon the

8

existence of a marketing, lead-generation, referral, or affiliate relationship.

Accordingly, all claims against Response Now should be dismissed.

## D.    PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF.

The Complaint seeks prospective injunctive relief prohibiting future calls. To obtain such relief,

Plaintiff must demonstrate a real and immediate threat of future injury. Past injury alone is

insufficient. The Complaint alleges that calls occurred during a limited period between February

and March 2026.

The Complaint contains no allegations that:

• Defendants continue to call Plaintiff;

• Defendants intend to call Plaintiff again;

• Plaintiff remains subject to future calling campaigns;

• future injury is certainly impending.

Because Plaintiff alleges only completed past conduct, he lacks standing to pursue prospective

injunctive relief.

The claim for injunctive relief should therefore be dismissed pursuant to Rule 12(b)(1).

## E.    THE CLASS ALLEGATIONS SHOULD BE STRICKEN.

The proposed classes are facially overbroad and require individualized inquiries that defeat

commonality and predominance.

Membership in the proposed classes would require individualized determinations regarding:

• whether a particular person received a call;

• which defendant allegedly made the call;

• whether consent existed;

• what technology was used;

9

• whether any prerecorded message was utilized;

• whether any agency relationship existed.

The Complaint contains only conclusory assertions that Rule 23's requirements are satisfied.

Where defects in class treatment are apparent from the face of the pleadings, district courts

possess authority to strike class allegations at the pleading stage.

The Court should do so here.

**F.     ALTERNATIVELY, THE COURT SHOULD REQUIRE A MORE DEFINITE STATEMENT.**

If dismissal is not granted, Defendants respectfully request relief under Rule 12(e).

The Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a

responsive pleading.

At minimum, Plaintiff should be required to identify:

• the date and time of each allegedly unlawful call;

• the defendant allegedly responsible for each call;

• the basis for alleging prerecorded technology;

• the factual basis supporting agency allegations.

A more definite statement would materially narrow the issues and permit efficient adjudication.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants Response Now Medical Alert Systems, PNHC, LLC, and

Sales Streak, LLC respectfully request that the Court:

1.  Dismiss the Complaint pursuant to Rule 12(b)(6);

2.  Dismiss Plaintiff's request for injunctive relief pursuant to Rule 12(b)(1);

3.  Strike the class allegations pursuant to Rule 12(f);

4. Alternatively require Plaintiff to provide a more definite statement pursuant to Rule 12(e); and

5. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

MARK T. SOPHOCLES, ESQUIRE
PA ATTY I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

*ATTORNEY FOR DEFENDANT,*
*SALES STREAK, LLC*
*PNHC, LLC*
*RESPONSE NOW MEDICAL ALERT SYSTEMS*