**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

STEWART ABRAMSON, individually and on
behalf of a class of all persons and entities
similarly situated,

        Plaintiff

vs.

RESPONSE NOW MEDICAL ALERT
SYSTEMS, PNHC, LLC AND SALES
STREAK, LLC

        Defendants.

Case No. 26-cv-582

---

**PLAINTIFF'S RESPONSE TO RESPONSE NOW**
**MEDICAL ALERT SYSTEMS MOTION FOR EXTENSION OF TIME**

Plaintiff Stewart Abramson ("Plaintiff"), by and through undersigned counsel, responds to

ResponseNow Medical Alert Systems' Motion for Extension of Time and states as follows.

I.     **Plaintiff Does Not Oppose ResponseNow's Requested Extension but Requests**
        **That the Court First Correct the Procedural Posture Created by the Pending**
        **Unauthorized Motion.**

Plaintiff does not oppose ResponseNow's request for a brief extension of time to respond to

the Complaint. Plaintiff has no interest in obtaining a procedural advantage arising from what

appears to have been an unusual circumstance regarding ResponseNow's representation. Plaintiff

files this Response because Defendant's Motion omits material facts, inaccurately characterizes Plaintiff's conduct during the parties' meet-and-confer efforts, and fails to address the continued existence of a pending dispositive motion that Defendant now contends was filed without authorization and fails to address the continued existence of a pending dispositive motion that Defendant now contends was filed by an attorney who never represented the party on whose behalf the motion was filed

ResponseNow represents that Attorney Mark Sophocles filed the Motion to Dismiss on behalf of ResponseNow "in error" and further represents that ResponseNow "never retained Attorney Sophocles to represent it in this matter." Plaintiff accepts those representations for purposes of the present Motion and does not oppose allowing ResponseNow additional time to respond to the Complaint. Plaintiff respectfully submits, however, that because ResponseNow now disavows the filing, the Motion to Dismiss that purports to have been filed on its behalf should be promptly withdrawn or otherwise corrected so that the docket accurately reflects the parties' positions.

Plaintiff also respectfully objects to Defendant's characterization that Plaintiff refused to consent to the requested extension "for professional courtesy." That statement omits the events that immediately preceded Plaintiff's response and presents an incomplete and misleading account of the parties' communications.

Specifically, Plaintiff was first informed by newly retained counsel for ResponseNow that there had been "some confusion," that Attorney Sophocles had filed a Motion to Dismiss on behalf

1

of ResponseNow, that the filing had been made in error, and that Mr. Sophocles would be correcting the issue with the Court. *See* ECF No. 18-2. Before taking any position on the requested extension, Plaintiff responded by requesting only that counsel explain the nature of the purported error and copied Attorney Sophocles so that he could provide that explanation. *Id.*

Instead of providing that explanation, ResponseNow's counsel simply renewed the request for an extension while deferring to Mr. Sophocles regarding what had occurred. Plaintiff then explained that he was unwilling to stipulate to an extension until the circumstances surrounding the unauthorized filing were clarified because Plaintiff had already invested the time and resources necessary to prepare and file an opposition to a dispositive motion that, according to ResponseNow, had apparently been filed without authorization.

The Motion filed by ResponseNow attaches only a portion of the parties' correspondence. It omits the emails demonstrating that Plaintiff first sought clarification regarding the purportedly unauthorized filing before taking any position on the requested extension. Plaintiff therefore attaches the complete email chain as Exhibit A so that the Court has the full context of the parties' communications.

Under these circumstances, Plaintiff's response was entirely reasonable. Professional courtesy is not limited to agreeing to every requested extension. It also includes providing opposing counsel with complete and accurate information concerning unusual procedural circumstances so that counsel may make informed decisions regarding requested relief. Plaintiff did not refuse an extension for strategic reasons or to gain leverage. Plaintiff simply requested an explanation

regarding how a dispositive motion came to be filed on behalf of a party *that now represents it never authorized that filing.*

II.      **Attorney Sophocles' Filing of a Dispositive Motion on Behalf of an Unrepresented Party Warrants Correction of the Record and Further Explanation**

The circumstances surrounding Attorney Sophocles' filing warrant prompt attention by the Court because they concern the authority under which a dispositive motion was filed on behalf of a litigant appearing before this Court. According to ResponseNow, Attorney Sophocles filed a dispositive motion on behalf of ResponseNow despite the fact that ResponseNow "never retained Attorney Sophocles to represent it in this matter." When Plaintiff sought clarification by asking Attorney Sophocles directly whether he had ever represented ResponseNow, Attorney Sophocles did not answer that question. Instead, he responded only that he had "made an incorrect assumption." That response leaves unanswered how a dispositive motion came to be filed on behalf of a party that now represents the filing was unauthorized. Equally significant, that motion remains pending on the Court's docket notwithstanding ResponseNow's representation that it was filed without authority.

These circumstances involve more than a ministerial filing error. They concern the authority under which a pleading was presented to this Court on behalf of a litigant. Plaintiff respectfully requests that, in addition to granting the requested extension, the Court direct Attorney Sophocles to promptly correct the Motion to Dismiss insofar as it purports to have been filed on behalf of

3

ResponseNow and require Attorney Sophocles to file a written explanation setting forth the circumstances under which that filing was made.

The circumstances described by ResponseNow implicate more than a mere filing mistake. Under Pennsylvania Rule of Professional Conduct 1.2, a lawyer may act on behalf of a client only as authorized by the client, either expressly or as "impliedly authorized to carry out the representation." Pa. R.P.C. 1.2(a). Indeed, the Rule recognizes that the client retains the ultimate authority over the objectives of the representation, and any authority exercised by counsel necessarily derives from that attorney-client relationship. Here, however, ResponseNow affirmatively represents that it "never retained Attorney Sophocles to represent it in this matter," yet a dispositive motion was nevertheless filed on its behalf. If that representation is accurate, the Court is left without an explanation as to the authority under which that filing was made. At a minimum, the record should accurately reflect which attorney was authorized to appear and seek dispositive relief on behalf of ResponseNow.

These circumstances may implicate the orderly administration of proceedings before the Court. Rule 8.4 provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Pa. R.P.C. 8.4(d). Plaintiff is not asking the Court at this time to determine whether any Rule of Professional Conduct has been violated. Rather, Plaintiff respectfully submits that the facts set forth in ResponseNow's own Motion are sufficiently unusual to warrant a written explanation from Attorney Sophocles so that the Court may determine whether any further action is necessary. Simply characterizing the filing as an "incorrect assumption" does

4

not explain how a dispositive motion came to be filed on behalf of a party that now states it never retained the attorney who filed it.

### Conclusion

**WHEREFORE**, Plaintiff respectfully requests that the Court grant ResponseNow Medical Alert Systems' Motion for Extension of Time, direct Attorney Sophocles to promptly withdraw or otherwise correct the Motion to Dismiss insofar as it purports to have been filed on behalf of ResponseNow, direct Attorney Sophocles to file a written explanation setting forth the circumstances under which the Motion to Dismiss was filed on behalf of ResponseNow, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Western District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all counsel of record.

5

/s/ *Anthony I. Paronich*
Anthony I. Paronich