MARK T. SOPHOCLES, ESQUIRE
PA SUPREME COURT I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

ATTORNEY FOR DEFENDANTS
*SALES STREAK, LLC*
*PNHC, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of all others similarly situated, *PLAINTIFF,* | : <br> : <br> : <br> : |
| v. | :    Civil Action No. 2:26-CV-00582-MPK <br> : |
| SALES STREAK, LLC, <br> PNHC, LLC <br> *DEFENDANTS.* | : <br> : <br> : |

### DEFENDANTS SALES STREAK, LLC, AND PNHC, LLC
### BRIEF IN SUPPORT OF DEFENDANTS CORRECTED MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff attempts to convert several allegedly unwanted telephone calls into a nationwide TCPA class action against Defendants' three separate business entities. The Complaint, however, relies primarily upon conclusory allegations, collective pleading, and speculative assertions concerning agency and vicarious liability.

Although Plaintiff repeatedly alleges that "Defendants" engaged in unlawful conduct, the Complaint fails to identify with specificity which Defendant initiated which call, which Defendant allegedly used prerecorded technology, or which Defendant engaged in conduct giving rise to liability. Instead, Plaintiff repeatedly lumps all Defendants together and asks the Court to infer liability based on alleged business relationships.

5

The Federal Rules require more. Under **Twombly and Iqbal**, a plaintiff must plead facts that plausibly establish liability. Plaintiff has failed to do so. The Complaint should therefore be dismissed, Plaintiff's request for injunctive relief should be dismissed for lack of standing, and the class allegations should be stricken.

## II.    STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.

**Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007).

A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. Id. at 555. Likewise, courts are not required to accept legal conclusions masquerading as factual allegations. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Where a complaint pleads with facts that are merely consistent with liability, it stops short of plausibility and must be dismissed.

## III.    ARGUMENT

## A.    THE COMPLAINT IMPROPERLY ENGAGES IN GROUP PLEADING.

A threshold defect permeates the entire Complaint.

Rather than identifying the conduct attributable to each defendant, Plaintiff repeatedly alleges that "Defendants" engaged in unlawful conduct. The Complaint does not specify:

• which defendant allegedly initiated which call;

• which defendant allegedly delivered the prerecorded message;

• which defendant allegedly transferred Plaintiff;

• which defendant allegedly possessed Plaintiff's telephone number;

• which defendant allegedly committed each alleged TCPA violation.

6

The Third Circuit has repeatedly recognized that Rule 8 requires sufficient factual allegations to place each defendant on notice of the claims asserted against it.

The Complaint's collective references to "Defendants" deprive each defendant of fair notice and fail to satisfy federal pleading standards. Dismissal is therefore warranted.

**B.    THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A TCPA VIOLATION.**

To state a claim under 47 U.S.C. § 227(b), Plaintiff must plausibly allege that a defendant initiated a call using an artificial or prerecorded voice without legally sufficient consent. The Complaint fails to adequately plead either element.

**1.  Plaintiff Pleads No Facts Establishing Use of a Prerecorded or Artificial Voice.**

The Complaint alleges that the calls were "clearly artificial or prerecorded."

That allegation is entirely conclusory.

Plaintiff provides no factual basis supporting that conclusion and does not allege:

• the characteristics of the voice;

• the technology utilized;

• whether the message was artificial, prerecorded, or both;

• any facts distinguishing the message from a live caller reading a script.

The Complaint merely reproduces a portion of an alleged message and then asserts that it must have been prerecorded.

Such allegations amount to nothing more than a recitation of a statutory element and fail under **Twombly and Iqbal.**

**2.  Plaintiff Fails to Allege Facts Showing Which Defendant Made Any Particular Call.**

Even assuming a prerecorded message was used, the Complaint fails to allege which defendant actually, initiated any call.

7

Plaintiff alleges only that various defendants participated in a coordinated campaign.

Such allegations require the Court to speculate regarding who engaged in the conduct at issue.

Rule 8 does not permit liability by inference or association.

Because Plaintiff has failed to plausibly connect any particular call to any particular defendant, dismissal is appropriate.

### C.    PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF.

The Complaint seeks prospective injunctive relief prohibiting future calls. To obtain such relief, Plaintiff must demonstrate a real and immediate threat of future injury. Past injury alone is insufficient. The Complaint alleges that calls occurred during a limited period between February and March 2026.

The Complaint contains no allegations that:

• Defendants continue to call Plaintiff;

• Defendants intend to call Plaintiff again;

• Plaintiff remains subject to future calling campaigns;

• future injury is certainly impending.

Because Plaintiff alleges only completed past conduct, he lacks standing to pursue prospective injunctive relief.

The claim for injunctive relief should therefore be dismissed pursuant to Rule 12(b)(1).

### D.    THE CLASS ALLEGATIONS SHOULD BE STRICKEN.

The proposed classes are facially overbroad and require individualized inquiries that defeat commonality and predominance.

Membership in the proposed classes would require individualized determinations regarding:

• whether a particular person received a call;

8

• which defendant allegedly made the call;

• whether consent existed;

• what technology was used;

• whether any prerecorded message was utilized;

• whether any agency relationship existed.

The Complaint contains only conclusory assertions that Rule 23's requirements are satisfied.

Where defects in class treatment are apparent from the face of the pleadings, district courts

possess authority to strike class allegations at the pleading stage.

The Court should do so here.

### E.    ALTERNATIVELY, THE COURT SHOULD REQUIRE A MORE DEFINITE STATEMENT.

If dismissal is not granted, Defendants respectfully request relief under Rule 12(e).

The Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a

responsive pleading.

At minimum, Plaintiff should be required to identify:

• the date and time of each allegedly unlawful call;

• the defendant allegedly responsible for each call;

• the basis for alleging prerecorded technology;

• the factual basis supporting agency allegations.

A more definite statement would materially narrow the issues and permit efficient adjudication.

### IV.    CONCLUSION

For the foregoing reasons, Defendants Sales Streak, LLC and PNHC, LLC respectfully request

that the Court:

1.  Dismiss the Complaint pursuant to Rule 12(b)(6);

9

2. Dismiss Plaintiff's request for injunctive relief pursuant to Rule 12(b)(1);

3. Strike the class allegations pursuant to Rule 12(f);

4. Alternatively require Plaintiff to provide a more definite statement pursuant to Rule 12(e); and

5. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

_____

MARK T. SOPHOCLES, ESQUIRE
PA ATTY I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

ATTORNEY FOR DEFENDANTS,
*SALES STREAK, LLC*
*PNHC, LLC*

10

## VERIFICATION

I, Mark T. Sophocles, Esquire hereby depose and state that he is the undersigned in this action, and as such is authorized to make this Verification on his behalf; that Defendants Motion for Dismissal in accordance with the representations made, are true and correct to the best of his knowledge, information, and belief; and that this Verification is given pursuant to the penalties of 18 Pa C.S.A. § 4904 relating to unsworn falsification to authorities.

**Mark T. Sophocles, Esquire**