MARK T. SOPHOCLES, ESQUIRE
PA SUPREME COURT I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

ATTORNEY FOR DEFENDANTS
*SALES STREAK, LLC*
*PNHC, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEWART ABRAMSON, individually and on behalf of all others similarly situated, PLAINTIFF, | : : : : | |
| v. | : : | CIVIL ACTION NO. 2:26-cv-00582 |
| SALES STREAK, LLC, PNHC, LLC DEFENDANTS. | : : : : | |

## SALES STREAK, LLC, AND PNHC, LLC, MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants Sales Streak, LLC and PNHC, LLC ("Defendants"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff's Class Action Complaint for failure to state a claim upon which relief can be granted. In support of this Motion, Defendants Sales Streak, LLC, PNHC, LLC ("Defendants") hereby state as follows:

1. Plaintiff's Complaint asserts a series of vague and extremely broad claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, based upon alleged prerecorded telemarketing calls purportedly received by Plaintiff.

2. The Complaint fails to allege facts plausibly establishing that Defendants initiated or placed any of the calls at issue or that Defendants controlled, managed, or directed any agent to perform tasks in concert together.

2

3. The Complaint further fails to allege facts plausibly establishing actual authority, apparent authority, ratification, or any other basis for imposing vicarious liability upon Defendants for the acts of unidentified third parties.

4. Plaintiff's allegations regarding the use of an automatic telephone dialing system ("ATDS") are conclusory and fail to satisfy the pleading standards articulated in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544 (2007), **Ashcroft v. Iqbal**, 556 U.S. 662 (2009), and **Facebook, Inc. v. Duguid,** 592 U.S. 395 (2021).

5. Because Plaintiff in his Class Action Complaint patently fails to state any cogent or viable individual TCPA claim, the derivative class allegations likewise fail.

6. The grounds supporting dismissal are set forth more fully in Defendant's Brief in Support of Motion to Dismiss, filed contemporaneously herewith and incorporated herein by reference as if fully adopted herein.

**WHEREFORE,** Defendants Sales Streak, LLC, and PNHC, LLC ("Defendants") respectfully requests by this Motion that this Honorable Court:

A. Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);

B. Dismiss Plaintiff's class allegations;

C. Enter judgment in favor of Defendant and against Plaintiff; and

D. Grant such other and further relief as the Court deems just and proper

Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

_____
MARK T. SOPHOCLES, ESQUIRE
*ATTORNEY FOR DEFENDANTS,*
*SALES STREAK, LLC*
*PNHC, LLC*

3

MARK T. SOPHOCLES, ESQUIRE
PA SUPREME COURT I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

ATTORNEY FOR DEFENDANTS
*SALES STREAK, LLC*
*PNHC, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| <u>STEWART ABRAMSON</u>, individually and on behalf of all others similarly situated, *PLAINTIFF,* | : <br> : <br> : <br> : |
| v. | :    Civil Action No.: 2:26-CV-00582-MPK <br> : |
| <u>SALES STREAK, LLC,</u> <br> PNHC, LLC <br> *DEFENDANTS.* | : <br> : <br> : |

### <u>DEFENDANTS SALES STREAK, LLC AND PNHC, LLC</u>
### <u>CORRECTED BRIEF IN SUPPORT OF DEFENDANTS MOTION TO DISMISS</u>

### I.    <u>INTRODUCTION</u>

Plaintiff attempts to convert several allegedly unwanted telephone calls into a nationwide TCPA class action against Defendants' three separate business entities. The Complaint, however, relies primarily upon conclusory allegations, collective pleading, and speculative assertions concerning agency and vicarious liability.

Although Plaintiff repeatedly alleges that "Defendants" engaged in unlawful conduct, the Complaint fails to identify with specificity which Defendants\ initiated which call, which Defendant allegedly used prerecorded technology, or which Defendant engaged in conduct giving rise to liability. Instead, Plaintiff repeatedly lumps all Defendants together and asks the Court to infer liability based on alleged business relationships.

4

The Federal Rules require more. Under **Twombly** and **Iqbal,** a plaintiff must plead facts that plausibly establish liability, but Plaintiff has failed to do so. The Complaint should therefore be dismissed, Plaintiff's request for injunctive relief should be dismissed for lack of standing, and the class allegations should be stricken. The Complaint is bereft of more than cursory, conclusive recitations of elements without nuance or specifically detailed , individualized allegations against the Moving Defendants rendering the Complaint subject to dismissal under Federal Rule 12 (b) (6)

## II.    STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. Id. at 555. Likewise, courts are not required to accept legal conclusions masquerading as factual allegations. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Where a complaint pleads with facts that are merely consistent with liability, it stops short of plausibility and must be dismissed.

## III.    ARGUMENT

## A.    THE COMPLAINT IMPROPERLY ENGAGES IN GROUP PLEADING.

As specified throughout this Motion, the threshold defect permeates the entire Complaint in the lack of anything more than the bare minimum elements of alleged statutory violations with requisite specificity to survive this Motion. Rather than identifying the conduct attributable to each defendant, Plaintiff repeatedly alleges  that "Defendants" engaged in unlawful conduct. The Complaint does not specify:

• which defendant allegedly initiated which call;

5

- which defendant allegedly delivered the prerecorded message;

- which defendant allegedly transferred Plaintiff;

- which defendant allegedly possessed Plaintiff's telephone number;

- which defendant allegedly committed each alleged TCPA violation.

The Third Circuit has repeatedly recognized that Federal Rule of Civil Procedure Rule 8 requires sufficient factual allegations to place each defendant on notice of the claims asserted against it. The Complaint's collective references to "Defendants" deprive each defendant of fair notice and fail to satisfy federal pleading standards. Dismissal is therefore warranted and Movants pray that this Honorable Court grant this Motion.

## B.    THE COMPLAINT FAILS TO PLAUSIBLY PLEAD A TCPA VIOLATION.

To state a claim under 47 U.S.C. § 227(b), Plaintiff must plausibly allege that a defendant initiated a call using an artificial or prerecorded voice without legally sufficient consent. The Complaint fails to adequately plead either element as required against each Defendant and fails to specifically detail the alleged facts that give rise to the specific conduct of each Defendant. Since the Complaint fails to plausibly plead a TCPA violation , the Complaint should be dismissed or in the alternative the Plaintiff shall be ordered to file a more specific statement of the specific claims attributable to each defendant.

### 1.  Plaintiff Pleads No Facts Establishing Use of a Prerecorded or Artificial Voice.

The Complaint alleges that the calls were "clearly artificial or prerecorded." The Complaint offers no specific facts and render this allegation as entirely conclusory. Plaintiff provides no factual basis supporting that conclusion and does not allege:

6

- the specific nature or characteristics of the voice;

- the specific type of technology allegedly utilized;

- whether the message(s) were artificial, prerecorded, or both;

- any individualized facts distinguishing the message from a live caller reading a script.

The Complaint merely reproduces a portion of an alleged message and then asserts that it must have been prerecorded without any additional details.

Such allegations amount to nothing more than a recitation of a statutory element and fail under **Twombly** and **Iqbal**.

> ## 2. Plaintiff Fails to Allege Facts Showing Which Defendant Made Any Particular Call.

Even assuming a prerecorded message was used, the Complaint fails to allege which defendant actually sent or initiated any call. Plaintiff alleges only that various defendants participated in a coordinated campaign. Such allegations require the Court to speculate regarding who engaged in the conduct at issue. Rule 8 does not permit liability by inference or association. Because Plaintiff has failed to plausibly connect any particular call to any particular actions of any defendant, dismissal is appropriate.

## C.    PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF.

The Complaint seeks prospective injunctive relief prohibiting future calls. To obtain such relief, Plaintiff must demonstrate a real and immediate threat of future injury. Past injury alone is insufficient. The Complaint alleges that calls occurred during a limited period between February and March 2026. The Complaint contains no allegations that Defendants continued to call Plaintiff or if they had authorization to make the call(s). Because Plaintiff alleges only completed past conduct, he lacks standing to pursue prospective injunctive relief. The claim for injunctive

relief should therefore be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## D.   THE CLASS ALLEGATIONS SHOULD BE STRICKEN.

The proposed classes are facially overbroad requiring individualized inquiries to defeat notions of commonality and predominance. Membership in the proposed classes would require individualized determinations regarding:

• whether a particular person received a call;

• which defendant allegedly made the call;

• whether authorized consent existed;

• what type of technology was used;

• whether any prerecorded message was utilized;

• whether any agency relationship existed by and between any parties or un-related entities.

The Complaint contains only conclusory assertions that Rule 23's requirements are satisfied.

Where defects in class treatment are apparent from the face of the pleadings, district courts possess authority to strike class allegations at the pleading stage. The Court should do so here.

## E.   ALTERNATIVELY, THE COURT SHOULD REQUIRE A MORE DEFINITE STATEMENT.

If dismissal is not granted, Defendants respectfully request relief under Rule 12(e).

The Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a responsive pleading.

At minimum, Plaintiff should be required to identify:

• the date and time of each allegedly unlawful call;

• the defendant allegedly responsible for each call;

8

• the basis for alleging prerecorded technology;

• the factual basis supporting agency allegations.

A more definite statement would materially narrow the issues and permit efficient adjudication.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Sales Streak, LLC and PNHC, LLC respectfully request

that the Court:

1.  Dismiss the Complaint pursuant to Rule 12(b)(6);

2.  Dismiss Plaintiff's request for injunctive relief pursuant to Rule 12(b)(1);

3.  Strike the class allegations pursuant to Rule 12(f);

4.  Alternatively require Plaintiff to provide a more definite statement pursuant to Rule 12(e); and

5.  Grant such other relief as the Court deems appropriate.


Respectfully submitted,

MARK THOMAS SOPHOCLES, LLC

_____
MARK T. SOPHOCLES, ESQUIRE
PA ATTY I.D. 74998
21 INDUSTRIAL BLVD., SUITE 201
PAOLI, PA 19301
PHN: 610-651-0105
FAX: 610-651-0106
MARK@SOPHOCLESLAW.COM

*ATTORNEY FOR DEFENDANT,*
*SALES STREAK, LLC*
*PNHC, LLC*

9

## VERIFICATION

I, Mark T. Sophocles, Esquire hereby depose and state that he is the undersigned in this action, and as such is authorized to make this Verification on his behalf; that Defendants Motion for Dismissal in accordance with the representations made, are true and correct to the best of his knowledge, information, and belief; and that this Verification is given pursuant to the penalties of 18 Pa C.S.A. § 4904 relating to unsworn falsification to authorities.

_____

**Mark T. Sophocles, Esquire**