# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RESPONSE NOW MEDICAL ALERT SYSTEMS, PNHC, LLC AND SALES STREAK, LLC, <br><br> Defendants. | Case No. 2:26-cv-582-MPK <br><br> Magistrate Judge Maureen P. Kelly |

## ANSWER AND AFFIRMATIVE DEFENSES

ResponseNow, Inc. d/b/a ResponseNow Medical Alert Systems ("ResponseNow") files this Answer and Affirmative Defenses to Plaintiff Stewart Abramson's Complaint.

1. In response to paragraph 1 of the Complaint, ResponseNow admits that Abramson brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). ResponseNow denies that Abramson's claims against ResponseNow have merit and denies any liability to Abramson. ResponseNow denies that it is a limited liability company.

2. The averments of paragraph 2 of the Complaint cite to a Supreme Court opinion, the content of which speaks for itself. To the extent that the averments of paragraph 2 misstate, mischaracterize, or misquote the opinion, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

3. In response to paragraph 3 of the Complaint, ResponseNow admits that Abramson brings this action under the TCPA. ResponseNow denies that Abramson's claims against it have merit and denies any liability to Abramson.

4.    ResponseNow denies the averments in paragraph 4 of the Complaint and demands strict proof thereof at the time of trial.

5.    ResponseNow denies the averments in paragraph 5 of the Complaint and demands strict proof thereof at the time of trial.

6.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

7.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

8.    ResponseNow denies the averments of paragraph 8 of the Complaint. ResponseNow admits that it is a corporation. "ResponseNow Medical Alert Systems" is a fictitious name.

9.    In response to paragraph 9 of the Complaint, ResponseNow admits that the TCPA generally confers federal subject matter jurisdiction. ResponseNow denies that Abramson's claims have merit, denies any liability to Abramson, and denies that Abramson's allegations are sufficient to confer Article III standing.

10.    The averments of paragraph 10 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies that it placed any calls at issue in this action.

11. The averments of paragraph 11 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 11 and demands strict proof thereof at the time of trial.

12. After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

13. After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

14. After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

15. ResponseNow denies the averments of paragraph 15 of the Complaint and demands strict proof thereof at the time of trial.

16. After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

17. After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint.

Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

18.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

19.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

20.     In response to paragraph 20 of the Complaint, ResponseNow admits that Abramson placed an order for a product or service sold by ResponseNow.  ResponseNow denies the remaining averments of paragraph 20 and demands strict proof thereof at the time of trial.

21.     In response to paragraph 21 of the Complaint, ResponseNow admits that Abramson placed an order for a product or service sold by ResponseNow and was charged for that purchase. ResponseNow denies the remaining averments of paragraph 21 and demands strict proof thereof at the time of trial.

22.     ResponseNow admits the averments of paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, ResponseNow admits that it directed Abramson to contact PNHC, LLC.  The remaining averments of paragraph 23 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 23 and demands strict proof thereof at the time of trial.

24.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

25.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

26.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

27.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

28.    After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

29.    ResponseNow denies the averments of paragraph 29 of the Complaint and demands strict proof thereof at the time of trial.

30.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.

31.     ResponseNow denies the averments of paragraph 31 of the Complaint and demands strict proof thereof at the time of trial.

32.     ResponseNow denies the averments of paragraph 32 of the Complaint and demands strict proof thereof at the time of trial.

33.     The averments of paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 33 and demands strict proof thereof at the time of trial.

34.     ResponseNow admits the averments of paragraph 34 of the Complaint.  By way of further response, although the term "affiliate" was used colloquially in pre-suit correspondence between ResponseNow and Abramson, PNHC is not an "affiliate" of ResponseNow.

35.     The averments of paragraph 35 of the Complaint refer to a written contract, the provisions of which speak for themselves.  To the extent that the averments of paragraph 35 misstate, mischaracterize, or misquote those provisions, ResponseNow denies those averments and demands strict proof thereof at the time of trial.  By way of further response, the contract requires calls to be made in compliance with the TCPA.

36.     The averments of paragraph 36 of the Complaint refer to a written contract, the provisions of which speak for themselves.  To the extent that the averments of paragraph 36 misstate, mischaracterize, or misquote those provisions, ResponseNow denies those averments and

demands strict proof thereof at the time of trial.  By way of further response, the contract requires calls to be made in compliance with the TCPA.

37.    The averments of paragraph 37 of the Complaint refer to a written contract, the provisions of which speak for themselves.  To the extent that the averments of paragraph 37 misstate, mischaracterize, or misquote those provisions, ResponseNow denies those averments and demands strict proof thereof at the time of trial.  By way of further response, the contract requires calls to be made in compliance with the TCPA.

38.    The averments of paragraph 38 of the Complaint refer to a written contract, the provisions of which speak for themselves.  To the extent that the averments of paragraph 38 misstate, mischaracterize, or misquote those provisions, ResponseNow denies those averments and demands strict proof thereof at the time of trial.  By way of further response, the contract requires calls to be made in compliance with the TCPA.

39.    The averments of paragraph 39 of the Complaint refer to a written contract, the provisions of which speak for themselves.  To the extent that the averments of paragraph 39 misstate, mischaracterize, or misquote those provisions, ResponseNow denies those averments and demands strict proof thereof at the time of trial.  ResponseNow denies that the agreement authorizes the use of "downstream agents."  By way of further response, the contract requires calls to be made in compliance with the TCPA.

40.    ResponseNow denies the averments of paragraph 40 of the Complaint and demands strict proof thereof at the time of trial.

41.    The averments of paragraph 41 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 41 and demands strict proof thereof at the time of trial.

42.     ResponseNow denies the averments of paragraph 42 of the Complaint and demands strict proof thereof at the time of trial.

43.     The averments of paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 43 and demands strict proof thereof at the time of trial.

44.     In response to paragraph 44 of the Complaint, ResponseNow admits that Abramson purchased and was charged for ResponseNow products and/or services.  ResponseNow denies the remaining averments of paragraph 44 and demands strict proof thereof at the time of trial.

45.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of the Complaint. Accordingly, ResponseNow denies those averments and demands strict proof thereof at the time of trial.  By way of further response, it is unclear which "telemarketing calls" Plaintiff refers to in paragraph 45.

46.     In response to paragraph 46 of the Complaint, ResponseNow incorporates by reference paragraphs 1-45 of this Answer and its Affirmative Defenses.

47.     In response to paragraph 47 of the Complaint, ResponseNow admits that Abramson purports to bring a class action under Fed. R. Civ. P. 23.  ResponseNow denies that Abramson's claims against it have merit and denies that this matter is suitable for class certification.

48.     In response to paragraph 48 of the Complaint, ResponseNow denies that Abramson's proposed classes are valid and denies that this matter is suitable for class certification.

49.     The averments of paragraph 49 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 49 and demands strict proof thereof at the time of trial.

50.     The averments of paragraph 50 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 50 and demands strict proof thereof at the time of trial.

51.     ResponseNow denies the averments of paragraph 51 of the Complaint and demands strict proof thereof at the time of trial.

52.     In response to paragraph 52 of the Complaint, ResponseNow denies that Plaintiff is entitled to injunctive relief or damages.

53.     The averments of paragraph 53 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 53 and demands strict proof thereof at the time of trial.

54.     The averments of paragraph 54 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 54 and demands strict proof thereof at the time of trial.

55.     The averments of paragraph 55 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 55 and demands strict proof thereof at the time of trial.

56.     The averments of paragraph 56 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 56 and demands strict proof thereof at the time of trial.

57.     The averments of paragraph 57 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 57 and demands strict proof thereof at the time of trial.

58.     The averments of paragraph 58 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 58 and demands strict proof thereof at the time of trial.

59.     The averments of paragraph 59 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 59 and demands strict proof thereof at the time of trial.

60.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 60 of the Complaint. Accordingly, ResponseNow denies the averments of paragraph 60 and demands strict proof thereof at the time of trial.

61.     The averments of paragraph 61 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is required, ResponseNow denies the averments of paragraph 61 and demands strict proof thereof at the time of trial.

62.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 62 of the Complaint. Accordingly, ResponseNow denies the averments of paragraph 62 and demands strict proof thereof at the time of trial.  Abramson himself is a serial TCPA plaintiff.  He has brought or threatened scores of individual TCPA actions, demonstrating that the extraordinary financial incentives that the TCPA provides relative to any alleged harm sufficiently enables plaintiffs to seek relief on an individual basis for any TCPA violations.

63.     After reasonable investigation, ResponseNow is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 63 of the Complaint.

Accordingly, ResponseNow denies the averments of paragraph 63 and demands strict proof thereof at the time of trial.

64. In response to paragraph 64 of the Complaint, ResponseNow incorporates by reference paragraphs 1-63 of this Answer and its Affirmative Defenses.

65. ResponseNow denies the averments of paragraph 65 of the Complaint and demands strict proof thereof at the time of trial.

66. ResponseNow denies the averments of paragraph 66 of the Complaint and demands strict proof thereof at the time of trial.

67. ResponseNow denies the averments of paragraph 67 of the Complaint and demands strict proof thereof at the time of trial.

68. ResponseNow denies the averments of paragraph 68 of the Complaint and demands strict proof thereof at the time of trial.

WHEREFORE, ResponseNow requests that the Court enter judgment in favor of ResponseNow and against Plaintiff, all at Plaintiff's cost.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred, in whole or in part, for failure to state a claim upon which relief can be granted against ResponseNow.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of any putative class members are barred by the doctrines of consent, prior express consent, prior express written consent, prior express invitation or permission, established business relationship, and/or all other similar concepts. ResponseNow

11

acted in good faith and had reasonable grounds for believing that it acted properly in its practices with respect to Plaintiff and/or the putative class members he seeks to represent.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred, in whole or in part, to the extent that their purported damages, if any, were caused by third parties over whom ResponseNow had no control or authority.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, were caused by Plaintiff's own acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Neither Plaintiff nor any putative class member is entitled to statutory damages pursuant to 47 U.S.C. § 227(b)(3)(C) because ResponseNow did not willfully or knowingly fail to comply with the relevant provisions of the TCPA.

## SIXTH AFFIRMATIVE DEFENSE

ResponseNow denies that Plaintiff has suffered any damages for which ResponseNow is responsible.  To the extent that it is determined that Plaintiff suffered damages, Plaintiff failed to mitigate those damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred to the extent that their telephone number is a business or non-residential telephone number.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred to the extent that they did not register their telephone numbers on the national do-not-call list or registry.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any putative class members are barred because Plaintiff and the individuals he seeks to represent consented to, acquiesced in, and/or ratified through express or implied agreement the conduct of which they now complain.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or any putative class member seeks recovery for any period beyond the statute of limitations period applicable to his or her claims, Plaintiff's claims and those of any putative class members are barred, in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims and/or the claims of any putative class members are subject to an arbitration agreement, ResponseNow asserts that such claims cannot proceed in federal or state court.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims and/or the claims of any putative class members are barred by a release, settlement agreement, and/or an agreement of any other kind, ResponseNow asserts that such claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and/or any putative class members failed to satisfy any conditions precedent that are necessary to maintain their claims, or failed to exhaust administrative remedies, said claims may be barred, in whole or in part.

13

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of any putative class member are barred because of an intervening act or intervening acts by one or more third parties and/or because of a superseding cause.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or any purported class member's claims fail to allege facts sufficient to state a claim for which punitive damages, statutory damages, or costs may be awarded.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert claims against ResponseNow because Plaintiff has not sustained any concrete and/or particularized injury-in-fact associated with each alleged call.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The statutory damages under the TCPA are unconstitutional, in that they constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's and/or any putative class member's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches, as Plaintiff and/or the putative class members may have, whether through their actions or otherwise, given up their right to assert the claims alleged in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or any putative class member's claims are barred, in whole or in part, to the extent there was any violation of the TCPA or the related implementing regulations, which

14

ResponseNow denies, because any such violation was not intentional and resulted from a bona fide error.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that any improper conduct occurred, such conduct was outside of any alleged actual or apparent authority granted by, and/or agency relationship with, ResponseNow.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

ResponseNow did not authorize Defendant Sales Streak, LLC to make any calls on ResponseNow's behalf.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, and claims set forth therein, cannot be maintained on a class action basis because, among other reasons, the claims fail to meet the necessary requirements for certification as a class action set forth in Federal Rule of Civil Procedure 23, including, but not limited to, numerosity, commonality, typicality, and/or adequacy of the class representatives. Without waiving its ability to oppose class certification and expressly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over ResponseNow's challenges, ResponseNow asserts all defenses set forth above against each and every member of the certified class.

### CROSS-CLAIMS

### COUNT I – CROSSCLAIM AGAINST PNHC, LLC
### CONTRACTUAL INDEMNITY

1.     ResponseNow incorporates by reference the denials and averments set forth in the foregoing paragraphs as though set forth fully herein.

2.     Pursuant to Section 5 of the Call Center Services Agreement between ResponseNow and PNHC, PNHC agreed that it shall be solely liable for, and is required to

15

indemnify, defend, and hold harmless ResponseNow from, any claims or losses arising out of any TCPA violations.

3. Plaintiff's Complaint alleges that his injuries were caused by the alleged acts or omissions of PNHC, LLC.

4. If it is determined that ResponseNow is liable to Plaintiff for any of the damages alleged in the Complaint (which ResponseNow denies), PNHC, LLC is liable over to ResponseNow on the basis of PNHC's contractual indemnification of ResponseNow.

5. Accordingly, ResponseNow seeks to recover from PNHC any and all damages, attorneys' fees, and costs associated with or incurred in defending against the Complaint if ResponseNow is held liable to Plaintiff in any manner.

WHEREFORE, ResponseNow requests that the Court enter judgment in ResponseNow's favor and against PNHC, LLC to indemnify ResponseNow for all of its damages, attorneys' fees, and costs incurred with respect to this action.

### COUNT II – CROSSCLAIM AGAINST SALES STREAK, LLC
### COMMON LAW INDEMNITY AND CONTRIBUTION

6. ResponseNow incorporates by reference the denials and averments set forth in the foregoing paragraphs as though set forth fully herein.

7. Plaintiff's Complaint alleges that his injuries were caused by the alleged acts or omissions of Sales Streak, LLC.

8. On information and belief, Sales Streak made marketing calls on behalf of PNHC.

9. If it is determined that ResponseNow is liable to Plaintiff for any of the damages alleged in the Complaint (which ResponseNow denies), Plaintiff's damages are solely attributable to the negligence of Sales Streak in placing those calls

10.     Accordingly, ResponseNow seeks indemnity and/or contribution from Sales Streak for any losses sustained by ResponseNow in this action.

WHEREFORE, ResponseNow requests that the Court enter judgment in ResponseNow's favor and against Sales Streak, LLC to indemnify ResponseNow for all of its damages, attorneys' fees, and costs incurred with respect to this action.

Dated: July 27, 2026                          Respectfully submitted,

                                              */s/ Kevin P. Allen*
                                              Kevin P. Allen
                                              Pa. I.D. No. 76426
                                              kpallen@duanemorris.com

                                              Michael P. Pest
                                              Pa. I.D. No. 312025
                                              mppest@duanemorris.com

                                              DUANE MORRIS LLP
                                              625 Liberty Ave., Suite 1000
                                              Pittsburgh, PA 15222
                                              Telephone: 412.497.1000

                                              *Counsel for ResponseNow, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 27, 2026, the foregoing document was filed via the Court's CM/ECF system, which will provide notification to the following:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln St.
Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Jeremy C. Jackson
Bower Law Associates, PLLC
403 South Allen Street
Suite 210
State College, PA 16801\
jjackson@bower-law.com

*Counsel for Plaintiff*

Mark T. Sophocles
Mark Thomas Sophocles, LLC
21 Industrial Blvd
Suite 210
Paoli, PA 19301
Mark@Sophocleslaw.com

*Counsel for PNHC, LLC and
Sales Streak, LLC*

/s/ Kevin P. Allen
Kevin P. Allen